**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Paul Sambursky, ) | |
| ) | **ORDER ADOPTING** |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Tim Schuetzle, Warden, ) | Case No. 1:08-cv-068 |
| North Dakota State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

_____

In 2003, the petitioner, Paul Sambursky, was charged in state district court in six separate cases. Sambursky was charged with three Class A felony counts of gross sexual imposition, two Class B felony counts of gross sexual imposition, and one count of disorderly conduct. Sambursky entered a plea agreement which provided that the state district court could impose a series of consecutive sentences, the total of which would not exceed thirty years imprisonment, not counting suspensions. On January 13, 2004, the state district court sentenced Sambursky to the maximum sentence under the plea agreement. Following sentencing, Sambursky learned he would not be eligible for parole until he had served 85% of his sentence because the offenses of gross sexual imposition were considered violent offenses under N.D.C.C. § 12.1-32-09.1.

On July 17, 2008, Sambursky filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. See Docket No. 2. Sambursky alleges defense counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984),[1] for misinforming Sambursky as to his eligibility for parole. Sambursky contends he relied on that misinformation in pleading guilty to the six counts. On September 12, 2008, the respondent filed a motion to dismiss. See Docket No. 5.

---

[1] In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. Under Strickland, the defendant must establish that defense counsel's performance was deficient, and that such deficiency prejudiced the defense. 466 U.S. at 687.

Magistrate Judge Charles S. Miller, Jr. reviewed Sambursky's petition, the pleadings, and the Respondent's motion to dismiss, and on March 17, 2009, submitted a Report and Recommendation. See Docket No. 13. Judge Miller determined that "the question of whether the advice given by Sambursky's counsel was within prevailing professional norms on an objective basis is a particularly close one. But, it is an issue that the court need not resolve. This is because, after a careful review of the state-court record, it is clear that Sambursky failed to carry his burden of demonstrating prejudice as required by the second prong of Strickland." See Docket No. 13. Judge Miller recommended that the respondent's motion to dismiss be granted and that Sambursky's petition for a writ of habeas corpus be denied. Sambursky was given fifteen (15) days to file an objection to the Report and Recommendation.

On April 1, 2009, Sambursky filed a motion for an extension of time to file an objection to the Report and Recommendation. See Docket No. 14. On April 2, 2009, Judge Miller granted Sambursky's motion and gave him until May 4, 2009, to file an objection. See Docket No. 15. On April 29, 2009, Sambursky filed an objection to the Report and Recommendation. See Docket No. 16.

Sambursky contends Judge Miller erred in finding that the second prong of Strickland has not been satisfied:

> It is undisputed that one of the many reasons for Mr. Sambursky's plea was financial. His savings depleted with a family that still needed his support, combined with the promise of a shorter term of prison than if he goes to trial, combined with many other condition led to a plea in an effort to salvage what was left of his family. See March 14, 2007 Transcript 64.
>
> . . .
>
> The bottom line is that the State knows that at trial they will lose at lease five (5) of the six (6) charges that are currently held against Mr. Sambursky. Had it not been for such horrible advice from counsel, Mr. Sambursky would have gone to trial and, at worst would be facing sentencing on one (1) single charge. The sentencing range in this matter is far less that the current eighty (80) years with fifty (50) years

2

> suspended.
>
> While there exist no guarantees in this or any case, in this case, there are no witnesses that will help the State to sustain their convictions.

See Docket No. 16 (errors in original).

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. Judge Miller performed a thorough analysis of the second Strickland prong and determined that Sambursky failed to meet his burden. Sambursky has failed to persuade the Court in his objection that his defense was prejudiced. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 13) in its entirety, **GRANTS** Respondent's motion to dismiss (Docket No. 5), and **DENIES** Sambursky's petition for a writ of habeas corpus (Docket No. 2).

**IT IS SO ORDERED.**

Dated this 1st day of May, 2009.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court